**IT IS ORDERED**

**Date Entered on Docket: December 10, 2020**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

JOHNNY BAUTISTA GONZALES and Case No. 20-11769-t7
NANCY PAULINE GONZALES
 Debtors.

### ORDER GRANTING MOTION OF CENTINEL BANK OF TAOS FOR APPROVAL OF AGREEMENT FOR TERMINATION OF THE AUTOMATIC STAY, ABANDONMENT OF PROPERTY AND CARVE-OUT AGREEMENT FOR THE BENEFIT OF THE BANKRUPTCY ESTATE

This matter came before the Court upon Centinel Bank of Taos ("**Centinel Bank's**") *Motion for Approval of Agreement for Termination of the Automatic Stay, Abandonment of Property and Carve-Out Agreement for the benefit of the Bankruptcy Estate,* filed November 16, 2020 (Doc. No. 22) (the "**Motion**") and upon the stipulation of the parties hereto, as evidenced by the signature of the undersigned counsel. Having considered the Motion and the record, and the requirements set forth in the Bankruptcy Code and Bankruptcy Rules, and being otherwise sufficiently advised;

THE COURT FINDS:

A. On September 10, 2020, Johnny Bautista Gonzales and Nancy Pauline Gonzales (together, the "**Debtors**") commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code. This case was filed after the dismissal of the Debtors' earlier Ch. 13 case, No. 19-11501-t13, on July 20, 2020 (the **"Chapter 13 Case"**).

B. Yvette J. Gonzales has been appointed Ch. 7 Trustee (the **"Trustee"**) in this Ch. 7 case.

C. The Debtors' former business, JB & Company Chevron, LLC ("**JB Chevron**"), is a Chapter 11 Debtor itself, in Case No. 19-11504-ja11, filed on June 24, 2019 (the "**Chapter 11 Case**").

D. On August 8, 2019, in the now dismissed Chapter 13 Case, Centinel Bank filed Claim No. 8 (the "**Claim**"). As more fully set forth below, the debt is secured by real estate owned by the Debtors, and a liquor license and proceeds thereof, owned by JB Chevron. The Claim has attached to it all of the loan, collateral and perfection documents, as well as relevant state court pleadings. Centinel Bank also filed a proof of claim in JB Chevron's Chapter 11 Case on January 27, 2020, as Claim No. 3.

E. The parties have agreed that Centinel Bank is owed the following amounts, as of October 7, 2020, and the Debtors agree they may not contest this amount in this bankruptcy case or in the Foreclosure Case (defined below):

```
Principal:      $281,381.34
Interest:        $78,845.47
Late Charges:       $897.98
Legal Fees:      $54,123.91
Total:          $415,248.70
Interest per diem $142.52 (18%)
```

F. The Debtors own and formerly operated, through JB Chevron, a gas station (the "**Gas Station**") and convenience store, located at Hwy. 522S #2374, Questa, New Mexico, where the liquor license ("**Liquor License**") was used. Centinel Bank has a mortgage on the Gas Station, and also holds a security interest in the Liquor License and proceeds thereof.

G. In addition to the Gas Station, Centinel Bank's other real estate collateral consists of the Debtors' personal residence (the "**Residence**") at Hwy. 38E #7, Questa, New Mexico and 12 acres of farmland (the "**Farmland**") near Questa, New Mexico.

H. Prepetition, the Debtors and JB Chevron were defendants an action styled *Centinel Bank of Taos v. Johnny B. Gonzales, Nancy Gonzales and JB and Company Chevron, LLC,* filed in the Eighth Judicial District Court, as Case No. D-820-CV-2019-00176 ("**Foreclosure Case**"). A copy of Centinel Bank's *Default Judgment and Final Decree of Foreclosure* entered in the Foreclosure Case is attached to its proofs of claim referred to above. A Special Master's foreclosure sale of the Liquor License, Gas Station and other real estate was scheduled for June 25, 2019, but was not held due to the filing of the Ch. 13 Case and Ch. 11 Case. A second foreclosure sale was set for September 10, 2020, but was not completed due to the filing of this Ch. 7 case.

I. Centinel Bank, the Debtors and the Trustee have reached an agreement ("**Agreement**") for, among other things, the disposition of some of Centinel Bank's collateral including abandonment and stay lift, in all respects, on the Gas Station, a carve-out for the benefit of the estate on the Farmland with an adjustment to the Debtors' claimed exemption thereto, agreement by the Debtors to amounts owed to Centinel Bank, agreement by the Debtors to

3

maintain insurance and pay taxes on the Residence, waiver by the Debtors of certain defenses and remedies for default, all as more fully set forth in the motion, which is incorporated herein by reference.

J. On November 16, 2020, Centinel Bank filed the Motion seeking approval of the Agreement.

K. On November 16, 2020, Centinel Bank served the notice of the filing of the Motion (the "**Notice**"), pursuant to Bankruptcy Rules 4001(d) and 9006(f), to all persons on the official limited mailing list maintained by the Clerk of the Bankruptcy Court in connection with this case. The Notice specified an objection period of objection period of fourteen (14) days from the date of the mailing, plus three (3) days based upon service by mail, for a total of seventeen (17) days;

L. On November 16, 2020, Centinel Bank, filed the Notice with the Court (Doc No. 23);

M. The Notice was appropriate in the particular circumstances;

N. The objection deadline, deadline specified in the Notice expired on or before December 3, 2020, with no objections to the Motion having been filed; and

O. The Motion is well-taken and should be granted as provided herein; and

P. The terms of the Agreement are fair and equitable, and are in the best interest of and beneficial to the Debtors' estate and creditors and should be approved.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. The Agreement between the Debtors, the Trustee and Centinel Bank, as set forth in the Motion and fully incorporated herein is approved;

2. Centinel Bank may attach as an exhibit to this Order a copy of the Motion, which sets forth the full Agreement among the parties.

3. The parties are authorized and directed to consummate the Agreement.

###END OF ORDER###

Submitted by:

ASKEW & WHITE, LLC

By: */s submitted electronically*
    James A. Askew
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    (505) 433.3097
    (505) 717.1494 (fax)
    jaskew@askewwhite.com
*Attorneys for Creditor Centinel Bank of Taos*


AGREED TO AND APPROVED:


By: */s approved via email on 11/16/2020*
    Gerald R. Velarde
    2531 Wyoming Blvd. NE
    Albuquerque, NM 87102
    (505) 248-1828
    gvelarde@velardepc.com
*Attorneys for Johnny Bautista Gonzales*
*and Nancy Pauline Gonzales*

Walker & Associates, P.C.

By: */s approved via email on 11/13/2020*
    Thomas D. Walker
    Chris W. Pierce
    500 Marquette N.W., Suite 650
    Albuquerque, NM 87102
    (505) 766-9272
    twalker@walkerlawpc.com
    cpierce@walkerlawpc.com
*Attorneys for Trustee Yvette J. Gonzales*